"When the oral testimony goes directly to the question whether there is a written contract or not, it is always competent; but when the effect of the oral testimony is to establish the existence of a written contract, which it is designed to contradict or change by parol, then the spoken word must yield to the written compact."

The order should be reversed, with $10 costs and disbursements, and the motion for injunction denied, with $10 costs. All concur.

---

### GILLERAN v. COLBY.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

Appeal from Special Term, New York County.

Action by Thomas Gilleran against Thomas Colby. From an order granting a preliminary injunction, defendant appeals. Reversed, and motion for injunction denied.

Argued before INGRAHAM, P. J., and McLAUGHLIN, CLARKE, SCOTT, and HOTCHKISS, JJ.

Antonio Knauth, of New York City (Otto V. Schrenk, of New York City, on the brief), for appellant.

John M. Gardner, of New York City, for respondent.

HOTCHKISS, J. For the reasons given in the case of Driscoll v. this same defendant, 145 N. Y. Supp. 681, the order must be reversed with $10 costs and disbursements and the motion for injunction denied with $10 costs. All concur.

---

### SCHONLEBEN v. INTERBOROUGH RAPID TRANSIT CO.

(Supreme Court, Appellate Division, First Department. February 6, 1914.)

CARRIERS (§ 316*)—ACTION FOR INJURY TO PASSENGER—BURDEN OF PROOF.

In an action by a passenger for an injury caused, as he was leaving the car, by his shoe catching to a screw projecting from the floor between the aisles, under the doctrine of res ipsa loquitur, the burden was upon defendant to explain the accident, and show that it was not negligent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 1261, 1262, 1283, 1285–1294; Dec. Dig. § 316.*]

Appeal from Trial Term, New York County.

Action by Joseph Schonleben against the Interborough Rapid Transit Company. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Morris Cukor, of New York City, for appellant.

Lemuel E. Quigg, of New York City, for respondent.

McLAUGHLIN, J. The plaintiff was a passenger in one of defendant's cars. The floor of the car was covered with wooden slats about an inch apart, fastened thereto by metal screws. One of these screws in the aisle between the seats projected above the slats from one-half to three-quarters of an inch. When the plaintiff reached his destination, he was told to leave the car, and, as he was doing so, one of his

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes